Kirkpatrick, C. J.
— The first reason assigned for the reversal of this judgment is, that the action is misconceived.
It is an action on the case, for the use and occupation of a certain tenement and lot of land. The defendant had rented from the plaintiff these premises for several years, the last of which ended on the last day of March, 1805. He continued in possession without any express agreement, from that day, till the first day [*] of April, 1806; and for the rent of this last year this action is brought.
Though there is but little doubt that this action of assumpsit would have lain at common law, yet to obviate some difficulties which presented itself in this, and similar cases, the act concerning landlords and tenants, [187] was passed, expressly declaring, that where demises of lands are *241 not by deed, the landlord may recover reasonable satisfaction from the tenant, in an action on the case, for the use and occupation of the land so demised. The landlord in these cases, must prove the actual use and occupancy of the land, and then the law raises the assumpsit. It is an assumption implied by law, upon the reason and justice of the case. The form of the action, therefore, in this case, if it rested upon this act, would be well enough; but it does not rest there. The legislature have thought proper to change the remedy; they have, therefore, by an act of March 1, 1804,[1] expressly declared: “That all suits brought before any justice of the peace, in this State, on any bond, or other specialty, note of hand, bill of exchange, book account, or any other demand, founded on simple contract, for the payment of money only, shall be in the name and style of actions of debt, and not otherwise, any law, &c., to the contrary notwithstanding.” Contracts, in this respect, are divided by Blaekstone, into two kinds, viz: special, which are under seal; and simple, which are not under seal. In the class of simple contracts, there are included all not under seal, whether they be written or not written, express or implied.
Ewing, for plaintiff.
This, therefore, being an action on simple contract, it ought to have been in debt and not in case. That the former act gives ease is not material; it is still an action on simple contract; and by the subsequent act, all suits brought on such contracts, shall be in the name and style of actions of debt, and not otherwise, any law (whether common or statute) to the contrary notwithstanding.
[*] There is another substantial reason, I think, for reversal, but I rest on this. Reverse.
Rühs.kll and Pjixxi.ngton, Justices. — Concurred.
Judgment reversed.
Cited in Sayres v. Inhab. of Springfield, 3 Halst. 166; Sayers v. Inhab. of Springfield, 3 Halst. 168,

 Repealed and supplied, verbatim, by act of 12th February, 1818. Rev. Laws 643. — ’Ed.